No. 13-1376
# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL DEAN SPAULDING,

    Defendant-Appellant.

---

**UNITED STATES' SUPPLEMENTAL BRIEF
ADDRESSING JURISDICTION**

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
The Honorable John L. Kane, Senior District Judge
D.C. No. 12-cr-223-JLK

---

JOHN F. WALSH
United States Attorney

JAMES C. MURPHY
Assistant U.S. Attorney
1225 17th Street, Suite 700
Denver, CO 80202
(303) 454-0100

Attorneys for Plaintiff-Appellee
United States of America

March 30, 2015

# TABLE OF CONTENTS

**Page No.**

TABLE OF AUTHORITIES ................................................................................... ii

SYNOPSIS ............................................................................................................... 1

ISSUES .................................................................................................................... 1

FACTUAL STATEMENT ...................................................................................... 1

ARGUMENT ........................................................................................................... 3

CONCLUSION ...................................................................................................... 11

CERTIFICATE OF DIGITAL SUBMISSION .................................................... 13

CERTIFICATE OF SERVICE .............................................................................. 13

## TABLE OF AUTHORITIES

## FEDERAL CASES

**Page No.**

*Barnes v. United States*,
  776 F.3d 1134 (10th Cir.2015) .................................................................7

*Bowles v. Russell*,
  551 U.S. 205 (2007) ..................................................................................5

*Dolan v. United States*,
  560 U.S. 605 (2010) ..................................................................................5

*Eberhart v. United States*,
  546 U.S. 12 (2005) ............................................................................... 4, 5

*Evans v. Bank of New York*,
  506 Fed.Appx. 741 (10th Cir.2012) (unpublished) ................................ 10

*Gonzalez v. Thaler*,
  132 S. Ct. 641 (2012) ................................................................................5

*Gschwind v. Cessna Aircraft Co.*,
  232 F.3d 1342 (10th Cir.2000) .......................................................... 9, 10

*Kontrick v. Ryan*,
  540 U.S. 443 (2004) ............................................................................. 4, 5

*Steel Co. v. Citizens for a Better Environment*,
  523 U.S. 83 (1998) ............................................................................... 4, 9

*Travelers Indemnity Co. v. Bailey*,
  557 U.S. 137 (2009) ................................................................................ 10

*United States v. Baker*,
  769 F.3d 1196 (10th Cir. 2014) .................................................................8

*United States v. Baker*,
  790 F.2d 1437 (9th Cir.1986) ....................................................................8

*United States v. Blackwell,*
    81 F.3d 945 (10th Cir. 1996)...................................................................... 6, 8

*United States v. Farley,*
    72 F.3d 158 (D.C. Cir. 1995).........................................................................7

*United States v. Garduno,*
    506 F.3d 1287 (10th Cir.2007)................................................................. 5, 7

*United States v. King,*
    257 F.3d 1013 (9th Cir.2001).......................................................................8

*United States v. McGaughy,*
    670 F.3d 1149 (10th Cir. 2012).....................................................................8

*United States v. Rayford,*
    552 Fed.Appx. 856 (10th Cir.2014) (unpublished) ....................................7

*United States v. Ruiz-Del Valle,*
    8 F.3d 98 (1st Cir.1993) ................................................................................8

*United States v. Scott,*
    17 Fed.Appx. 784 (10th Cir. 2001) .............................................................7

*United States v. Smartt,*
    129 F.3d 539 (10th Cir. 1997)......................................................................6

*United States v. Todaro,*
    982 F.2d 1025 (6th Cir.1993).......................................................................8

*United States v. Tony,*
    637 F.3d 1153 (10th Cir.2011)................................................................ 4, 9

*United States v. White Horse,*
    316 F.3d 769 (8th Cir.2003).........................................................................4

## FEDERAL STATUTES & RULES

18 U.S.C. § 3231 ......................................................................................................3

18 U.S.C. § 3582 ......................................................................................................7

18 U.S.C. § 3582(c) ....................................................................................... 6, 10, 11

18 U.S.C. § 3582(e) ..................................................................................................6

28 U.S.C. § 2241 ......................................................................................................6

28 U.S.C. § 2253(c)(3) .............................................................................................5

28 U.S.C. § 2255 ......................................................................................................6

Fed.R.Crim.P. 11 .....................................................................................................3

Fed.R.Crim.P. 11(d) ................................................................................................3

Fed.R.Crim.P. 11(d)(2)(B) ......................................................................................3

Fed.R.Crim.P. 11(e) .........................................................................................passim

Fed.R.Crim.P. 32(e) ................................................................................................7

Fed.R.Crim.P. 33(b)(1) ...........................................................................................4

Fed.R.Crim.P. 35 ................................................................................................ 6, 8

Fed.R.Crim.P. 35(a) ................................................................................................8

Fed.R.Crim.P. 35(b) ................................................................................................8

Fed.R.Crim.P. 35(c) ................................................................................................9

Fed.R.Crim.P. 45 ....................................................................................................4

## SYNOPSIS

The United States files this supplemental brief addressing jurisdiction pursuant to this court's order of March 18, 2015. The United States maintains that Fed.R.Crim.P. 11(e) is jurisdictional and that the court below acted outside its authority in granting Mr. Spaulding's post-sentence motion to vacate his plea. The proceedings that followed are a nullity. This court should vacate the existing judgment and remand for re-entry of judgment based upon the first sentencing hearing of December 6, 2012. Mr. Spaulding should have an opportunity to appeal that sentence, if he chooses to do so.

## ISSUES

The issues forth in this court's order are:

(1) Whether the district court lacked jurisdiction to allow Spaulding to withdraw his guilty plea after sentence was imposed on December 6, 2012?

(2) If the court lacked jurisdiction, are the actions taken by the district court after December 6th null and void?

(3) If both these are correct, how should this court proceed?

## FACTUAL STATEMENT

On September 11, 2012, Mr. Spaulding entered a guilty plea to distribution of methamphetamine. Vol. 1 at 39.[1] Sentencing took place on

---

[1] The United States' Answer Brief, filed April 17, 2014, sets forth the facts in more detail.

1

December 6, 2012, where Judge Kane, rejecting the recommendations of both the government and Mr. Spaulding, imposed a sentence of 137 months' imprisonment. Vol. 3 at 49. The next day, December 7th, Mr. Spaulding filed a motion to correct his sentence (alleging guideline computation errors) or, in the alternative, to withdraw his guilty plea. Vol. 1 at 70. On December 10th, and before the government responded, the court denied the motion to correct the sentence but granted the motion to withdraw the guilty plea. The order stated the matter would be reset for jury trial. *Id.* at 77.

The government and Mr. Spaulding then negotiated a second plea agreement, which the court rejected. Vol. 4 at 14-24. The parties negotiated yet a third plea agreement, a conditional plea, which would have permitted Mr. Spaulding to appeal the district court's rejection of the second agreement. The court rejected this plea agreement also. Vol. 4 at 47. The case proceeded to a bench trial where Mr. Spaulding testified and admitted his guilt.[2] The court sentenced him to the same sentence previously imposed, 137 months.

---

[2] The parties stipulated to the facts, but the court refused to accept the stipulations.

## ARGUMENT

## Fed.R.Crim.P. 11(e) Is Jurisdictional
## And Not Merely A Claim-Processing Rule

The order allowing Mr. Spaulding to withdraw his guilty plea was issued four days after sentence was imposed. The order contained no reasoning, stating only that defendant's motion under Fed.R.Crim.P. 11(d) was granted and the case would be reset for jury trial. Vol. 1 at 77. The motion relied upon Rule 11(d)(2)(B), which provides that a defendant may withdraw a plea of guilty "after the court accepts the plea, *but before it imposes sentence*" if the defendant can show a fair and just reason for withdrawing the plea (emphasis added). The court's order did not acknowledge this language, nor did it acknowledge Rule 11(e), which provides even more explicitly that a defendant may not withdraw a plea of guilty after the court imposes sentence, and that the plea may be set aside only on direct appeal or collateral attack. The court's order allowing Mr. Spaulding to vacate his plea violated Rule 11. Determining whether the order also exceeded the court's jurisdiction requires an examination of that concept.

Jurisdiction below derived from Title 18, U.S.C. § 3231, which provides that "[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States." Subject matter jurisdiction of course cannot be waived and challenges may be raised at any

time. *United States v. Tony*, 637 F.3d 1153, 1157 (10th Cir.2011). However this court has observed that "the term 'jurisdiction' is often misused." *Id.*, citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 90 (1998) ("Jurisdiction, it has been observed, is a word of many, too many, meanings"). Understood correctly, subject-matter jurisdiction "involves a court's power to hear a case." *Id.* at 1157-58 (quoting *United States v. White Horse*, 316 F.3d 769, 772 (8th Cir.2003)).

Rule violations do not necessarily, or even ordinarily, implicate this broad authority. In *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004), the Court held that there is "a critical difference between a rule governing subject-matter jurisdiction and an inflexible claim-processing rule." In *Kontrick*, the Court held that time limitations set out in the Federal Rules of Bankruptcy Procedure were merely claim-processing rules which, if not timely raised by a party, may be forfeited. The Court reaffirmed this reasoning in *Eberhart v. United States*, 546 U.S. 12, 16 (2005), holding that Federal Rules of Criminal Procedure 33 and 45 were also claim-processing rules.[3] The Court acknowledged that some confusion had resulted from "the 'less than

---

[3] Fed.R.Crim.P. 33(b)(1) authorizes a "motion for a new trial grounded on newly discovered evidence," provided it is filed within 3 years after the verdict or finding of guilty. Rule 45 governs the computation and extension of time under the criminal rules.

4

meticulous' uses of the term 'jurisdictional' in our earlier cases." *Id*. (quoting *Kontrick*, 540 U.S. at 454).

However the Court has sometimes viewed time limitations more severely when they are set forth by statute, rather than court rules. In *Bowles v. Russell*, 551 U.S 205 (2007), the Court held that an untimely notice of appeal in a civil case deprived the Court of Appeals of jurisdiction, notwithstanding that the District Court had purported to extent the filing time.[4] Yet in *Dolan v. United States*, 560 U.S. 605 (2010) when a District Court failed to order restitution within the 90-day statutory period, the Court held that the District Court was not deprived of jurisdiction to award restitution. The Court considered numerous factors in distinguishing this case from *Bowles*, including Congressional intent and the consequences to crime victims, who would be harmed by strict enforcement of the statutory limitations period. *Id*. at 611-616. And in *Gonzalez v. Thaler*, 132 S.Ct. 641, 656 (2012), the Court found that 28 U.S.C. § 2253(c)(3), governing the specificity of a certificate of appealability, was mandatory, but that failure to comply did not deprive the Court of Appeals of jurisdiction to hear the appeal.

---

[4] In contrast, the limitations period governing notices of appeal in criminal appeals is rule-based and has been classed as a claim-processing rule. *United States v. Garduno*, 506 F.3d 1287, 1291 (10th Cir.2007), citing *Eberhart*, 546 U.S. at 13.

5

Applying these varied holdings to the issue at hand, it is helpful to first ask whether Fed.R.Crim.P. 11(e) is founded upon a specific statute or has merely arisen from the lower courts' rule-making authority. The former appears to be the case. Rule 11(e) may be seen as implementing the statutory directive contained at 18 U.S.C. § 3582(c), which provides that a "court may not modify a term of imprisonment once it has been imposed," except under certain stated conditions. These are, generally, upon motion of the director of the Bureau of Prisons, to the extent permitted by Fed.R.Crim.P. 35, when a defendant's sentence is based upon a sentencing range that has been subsequently lowered by the Sentencing Commission, and to the extent otherwise expressly permitted by statute.[5] This court has acknowledged that § 3582(c) is a limitation upon a court's power to act: "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (quotation omitted). *See also United States v. Smartt*, 129 F.3d 539, 540-41 (10th Cir. 1997). Section 3582(e) – like Rule 11(e) – concerns when a sentence is *imposed*, not when, for example, final judgment enters. This court has held that the words "imposes sentence" in Rule 11(e) means the court's announcement of the

---

[5] Most prominently, 28 U.S.C. § 2255 and 28 U.S.C § 2241.

sentence. *United States v. Garduno*, 506 F.3d 1287, 1289-90 (10th Cir. 2007). Because Rule 11(e)'s limitation upon a court's power to vacate a guilty plea is firmly grounded in § 3582, it must be seen as a jurisdictional limitation upon the court's power to act.

Case law supports such a conclusion. This court has held that statutes that speak clearly to the courts' statutory or constitutional power to adjudicate cases must be treated as jurisdictional; whereas statutes that speak merely to the rights or obligations of the parties establish claim-processing rules. *See Barnes v. United States*, 776 F.3d 1134, 1146 (10th Cir.2015). Because Rule 11(e) implements statutory limitations on the power of a court to modify a sentence, it falls in the first category. Two unpublished decisions from this court seem to confirm this. In *United States v. Rayford*, 552 Fed.Appx. 856, 859 (10th Cir.2014), this court observed, citing Rule 11(e), that a district court would not have jurisdiction to entertain a motion to withdraw a plea after a defendant had been sentenced. And in *United States v. Scott*, 17 Fed.Appx. 784, 785 (10th Cir. 2001), this court affirmed a district court's conclusion that it lacked jurisdiction to consider a motion to withdraw a plea filed post-sentence. In *Scott*, the court was considering Fed.R.Crim.P. 32(e), the predecessor to Rule 11(e). Other circuit courts have reached the same conclusion. *See United States v. Farley*, 72 F.3d 158, 162 (D.C. Cir.1995)(district court lacked jurisdiction to entertain post-sentence Rule

7

32(d) motion); *United States v. Ruiz-Del Valle*, 8 F.3d 98, 102 (1st Cir.1993) (same); *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.1993) (*per curiam*) (Rule 32(d) does not provide a vehicle for challenging a plea after imposition of sentence), citing *United States v. Baker*, 790 F.2d 1437, 1438 (9th Cir.1986) (district court lacked jurisdiction over post-sentence motion to withdraw plea);*United States v. King*, 257 F.3d 1013, 1024 (9th Cir.2001) (district court, after sentence was imposed, "lacked jurisdiction to evaluate King's request to withdraw his plea").

Guidance may also be found in this court's approach to Fed.R.Crim.P. 35, which provides a limited grant of authority for a district court to modify a sentence once it has been imposed. This court has held that Rule 35's time limitations are jurisdictional. *See United States v. McGaughy*, 670 F.3d 1149, 1158 (10th Cir. 2012) (addressing Rule 35(a)) and *United States v. Baker*, 769 F.3d 1196, 1201-02 (10th Cir. 2014) (addressing Rule 35(b)). In *Baker*, this court acknowledged that "the district court only has jurisdiction to modify a previously imposed sentence if Congress gives the court such jurisdiction." *Id.*, citing *United States v. Blackwell*, 81 F.3d at 947. This limitation upon a district court's power to act is very similar to that imposed by Rule 11(e), because post-sentence plea withdrawal would necessarily entail modifying

(vacating) a previously imposed sentence.[6] The same policy concerns with finality of judgments underlie both Rules and strongly supports the conclusion that Rule 11(e) is a jurisdictional constraint on the court's power to act.

### The Appropriate Remedy Is To Vacate the Final Judgment and Remand For Reentry of Judgment Based Upon the Original Sentence

Because the district court lacked jurisdiction to vacate the original sentence, the proceedings that followed are null and void. "Without jurisdiction the court cannot proceed at all in any cause." *United States v. Tony*, 637 F.3d at 1157, citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. at 94. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id*.

Notwithstanding this bold language, not all orders issued in the absence of subject matter jurisdiction are void. This court has held that while a judgment may in some instances be void for lack of subject matter jurisdiction, this is only if "a court wrongfully extends its jurisdiction beyond the scope of its authority." *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342,

---

[6] Both rules also limit the court's authority based upon the imposition of sentence, rather than entry of final judgment. Rule 35(c) provides the time limitations run from "the oral pronouncement of the sentence," which parallels Rule 11(e)'s limitation on vacating a plea after the court "imposes sentence."

1346 (10th Cir.2000) (citations omitted). This occurs where there is "a clear usurpation of power by a district court," rather than merely an error of law made by a court in determining whether it has jurisdiction. *Id.* (citations omitted). In *Gschwind*, this court concluded that the district court made a legal error in construing its own diversity jurisdiction, but did not "exercise jurisdiction over an entire category of cases over which it lacked jurisdiction." *Id.* at 1347.

This distinction does not appear to save the proceedings below. The district court never undertook to examine its jurisdiction. And by summarily granting Mr. Spaulding's post-sentence motion to vacate his plea, the court did indeed "exercise jurisdiction over an entire category of cases" that Congress, in 18 U.S.C. § 3582(c), has expressly taken away from the courts. *Gschwind* is also distinguishable because it involved a collateral attack upon a civil judgment. In *Evans v. Bank of New York*, 506 Fed.Appx. 741, 744 (10th Cir.2012) (unpublished), this court held that lack of subject-matter jurisdiction "does not . . . necessarily render a judgment 'void' for purposes of a collateral attack." *Id.*, citing *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 152 (2009). Mr. Spaulding is of course pursuing a direct appeal, and the issue of jurisdiction is cognizable. *See Travelers*, 557 U.S. at 152-53 (jurisdictional challenge that could not be brought in collateral attack could have been raised in direct appeal).

10

Treating the district court's order vacating Mr. Spaulding's guilty plea as a mere error of law that did not void the subsequent proceedings would be inconsistent with the sound conclusion that Rule 11(e) is indeed jurisdictional and not merely a claim-processing rule. The district court's order is extra-jurisdictional, and a legal nullity, because it wrongfully extends the court's authority to an entire class of post-sentence cases that Congress, in 18 U.S.C. § 3582(c), prohibited the courts from considering.

## CONCLUSION

The first sentencing hearing took place on December 6, 2012, where the court imposed a sentence of 137 months' imprisonment. Coincidentally, or perhaps not, that is the same sentence the court imposed at the final sentencing hearing. Nonetheless, the proceedings after the court's extra-jurisdictional order are void. The current judgment should be vacated and the case remanded with instructions to re-enter judgment based upon the December 6, 2012, imposition of sentence. Mr. Spaulding should be afforded an opportunity to take an appeal from that sentence, if he chooses to do so.

Respectfully Submitted,

John F. Walsh
United States Attorney

s/ *James C. Murphy*
James C. Murphy
Assistant U.S. Attorney
1225 17th Street, Suite 700
Denver, Colorado  80202
(303) 454-0100

Email: USACO.ECFAppellate@usdoj.gov;
James.Murphy3@usdoj.gov

# CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1)　all required privacy redactions have been made;

(2)　if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3)　The digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, TREND MICRO Office Scan for Windows, Version 10.6.5495, Engine Version 9.750.1007, Virus Pattern File 11.555.00, dated 03/22/15, and according to the program are free of viruses.

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

s/ *Ma-Linda La-Follette*
Ma-Linda La-Follette
U.S. Attorney's Office

# CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2015, I electronically filed the foregoing **UNITED STATES' SUPPLEMENTAL BRIEF ADDRESSING JURISDICTION**, using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Anthony Viorst
Email: tony@hssspc.com

s/ *Ma-Linda La-Follette*
Ma-Linda La-Follette
U.S. Attorney's Office
